# EXHIBIT C
# VP ALEX KOCH DECLARATION
## March 22, 2024
## ROMERO V. MARSHALLS OF CA
### Cause No. 2:24-cv-00709-JLS (MRWx)

# DECLARATION OF W. ALEX KOCH

I, W. Alex Koch, hereby declare as follows:

1. I know the facts set forth in this declaration to be true based on my own personal knowledge and/or based on my review of business records that Defendant Marshalls of CA, LLC ("Marshalls" or "Defendant) creates and maintains in the ordinary course of business. With respect to those business records, the entries are made in a timely manner by people with knowledge of the information, and it is the regular practices of Defendant's business to maintain such records. If called as a witness, I could and would testify as to the accuracy of the facts set forth in this declaration.

2. I am the Assistant Vice President of Associate Relations for the TJX Companies, Inc. ("TJX") and I oversee employee relations for Marshalls. Marshalls is a wholly-owned subsidiary of TJX. I am familiar with Defendant's policies and procedures. I am also familiar with the electronic systems used by Marshalls to maintain personnel records pertaining to each of its employees. In my position, I have access to information and data related to Marshalls' personnel operations.

3. Defendant maintains personnel records in the ordinary course of business, and it is their regular practice to make personnel records. The personnel records of Defendant's employees are made at or near the time of the personnel event they record, and are made by, or from information transmitted by, a person with knowledge of the events the records record. I have reviewed employment records for Plaintiff Juan Manuel Olivares Romero ("Plaintiff"), which are maintained by Marshalls in the ordinary course of its business.

4. TJX and its subsidiaries, including Marshalls, are engaged in interstate commerce and sell goods and services across the United States, including 49 states.

5. TJX and its subsidiaries, including Marshalls, refer to its employees as "Associates."

6. Beginning in January 2014, TJX and its subsidiaries, including Marshalls,

1

DECLARATION OF W. ALEX KOCH ISO
MOTION TO COMPEL ARBITRATION AND STAY ACTION

309681456v.1

implemented an arbitration program offering all current and new Associates the opportunity to enter individual arbitration agreements. Since that time, Marshalls has given the same opportunity to all new Associates.

7. On the first day of work, every new Marshalls Associate receives an Associate Packet, consisting of three documents: (i) a document titled "Arbitration Agreement,"; (ii) a document titled "Associate Acknowledgement Form"; and (iii) a document titled "Your Voice Your Choice," which summarizes options for resolving disputes, including open door communication and arbitration. The Associate Packet is distributed in hardcopy form and can also be retrieved at the company's intranet website, myTJX.com.

8. Marshalls has not required any Associate to enter the Arbitration Agreement. It is an option. It is not mandatory. Associates can and do decline the Arbitration Agreement and still obtain and continue employment with Marshalls.

9. On March 23, 2020, Marshalls hired Plaintiff as an Assistant Store Manager at the Marshalls location in Studio City, California. On that same day, Marshalls provided Plaintiff a copy of the Associate Packet. A true and correct copy of the Arbitration Agreement, which was included as part of that Associate Packet, is attached hereto as **Exhibit A**.

10. While the Arbitration Agreement was created and distributed by TJX, it applied to all individuals who were employed with TJX "or one of its affiliates, successors, subsidiaries or parent companies."

11. An Associate can decline or opt out of the Arbitration Agreement within 45 days from their date of hire and receipt of the Arbitration Agreement by submitting a written letter or by visiting the intranet website and opting out electronically.

12. On March 23, 2020, Plaintiff acknowledged receipt of the Arbitration Agreement when he signed and dated the Associate Acknowledgement Form. A true and correct copy of the Associate Acknowledgement Form signed by Plaintiff is attached

hereto as **Exhibit B**.

13. Following acknowledgment of the Arbitration Agreement, Plaintiff had until May 7, 2020 to opt out of the Arbitration Agreement by submitting a written letter or visiting the company's intranet website and opting out electronically.

14. Defendant's company records show that Plaintiff did not opt out of the Arbitration Agreement. Plaintiff did not decline the Arbitration Agreement, either by mail submission or electronically, by May 7, 2020 or any time thereafter. Plaintiff continued his employment with Marshalls until approximately November 2022, more than two years past May 7, 2020.

15. On November 12, 2022, Marshalls terminated Plaintiff's employment.

I declare under penalty of perjury under the laws of the United States and the laws of the State of California that the foregoing is true and correct.

Executed this 22nd day of March, 2024 in Framingham, Massachusetts.

*W. Alex Koch* (signature)
W. Alex Koch

---

3

DECLARATION OF W. ALEX KOCH ISO MOTION TO CONFIRM ARBITRATION AWARD

309681456v.1