UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| NATHANIEL OCHS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | SA-24-CV-309-OLG (HJB) |
| § | |
| TJX COMPANIES, INC. d/b/a § | |
| TJX Distribution Center, § | |
| § | |
| Defendant. § | |

**ORDER**

Before the Court is Defendant's Renewed Motion to Compel Arbitration and Stay Lawsuit. (Docket Entry 16.) Pretrial and scheduling matters in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b). (*See* Docket Entry 11.) The Court held a hearing on Defendant's renewed motion on December 4, 2024. For the reasons set out below, the Court is required by statute to conduct a bench trial as to the existence of a binding arbitration agreement in this case.

The Fifth Circuit has established a two-step inquiry for determining whether parties have agreed to arbitrate a claim. "The first is contract formation—whether the parties entered into *any arbitration agreement at all*. The second involves contract interpretation to determine whether this claim is covered by the arbitration agreement." *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016) (emphasis in original). Although there is a strong presumption favoring arbitration, the presumption arises only after the party seeking to compel arbitration proves that a valid arbitration agreement exists. *TRC Envtl. Corp. v. LVI Facility Servs., Inc.*, 612 Fed. App'x 759, 762 (5th Cir. 2015). Hence, the party moving to compel arbitration bears the initial burden of proving the existence of a valid agreement to arbitrate. *See Huckaba v. Ref-*

*Chem, L.P.*, 892 F.3d 686, 688 (5th Cir. 2018). Once the moving party has met its initial burden, the burden shifts to the party resisting arbitration to assert a reason that the arbitration agreement is unenforceable. *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004) (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991)).

In litigating the original and renewed motions to compel arbitration in this case, the parties have disputed whether a valid agreement to arbitrate exists. (*See* Docket Entries 4, 5, 9, 12, 16, and 17.) In considering the original motion to compel arbitration, the Court found that the evidence of the agreement was insufficient; accordingly, it denied the motion without prejudice to reconsideration should Defendant be able to present additional competent evidence to support the existence of a valid arbitration agreement. (Docket Entry 15.) In the renewed motion, Defendant has produced additional evidence, including a sworn declaration. (Docket Entry 16-1.) Plaintiff has responded with a countervailing sworn declaration. (Docket Entry 17-1.)

In such circumstances, the Court's authority is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4. Section 4 of the FAA provides that, if the court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. However, "[i]f the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof." *Id*. Unless the party resisting arbitration demands a jury trial on the issue, "the court shall hear and determine such issue." *Id*.

As the Court explained at the hearing, "the making of the arbitration agreement" is "in issue" in this case, based on the conflicting evidence that has been presented. 9 U.S.C. § 4.[1] As

---

[1] The Fifth Circuit has not decided whether the 9 U.S.C. § 4 "in issue" standard is

2

such, the issue must "be decided . . . through a trial." *Jin v. Parsons Corp.*, 966 F.3d 821, 827 (D.C. Cir. 2020) (citing 9 U.S.C. § 4). And because Plaintiff does not demand a jury as to the issue, the Court may "hear and determine" the matter itself.[2] The Court will therefore require the parties to file advisories as to whether they wish to proceed at trial by affidavit or live testimony, and whether they wish to present any live testimony by video or in person.

Accordingly, Defendant's Renewed Motion to Compel Arbitration and Stay Lawsuit (Docket Entry 16) is **HELD IN ABEYANCE** pending a trial as to the existence of a binding arbitration agreement in this case. **On or before December 11, 2024**, each party must file an advisory with the Court indicating (1) whether the party wishes to proceed at the arbitration trial by affidavit or live testimony, and (2) if the party wishes to present live testimony, whether the party wishes to present the testimony by video or in person. In their advisories, the parties must also propose available dates for the trial. The parties should confer with one another in advance of filing their respective advisories and propose mutually agreeable trial dates.

---

congruent with the summary judgment evidentiary standard of Federal Rule of Civil Procedure 56. *Gallagher v. Vokey*, 860 F. App'x 354, 357 (5th Cir. 2021). However, as the *Gallagher* court explained, when "competent evidence showing the formation of an agreement to arbitrate has been presented," the statute "requires a party resisting arbitration to produce some contrary evidence to put the matter 'in issue.'" *Id.* at 357–58. That standard has been met here.

[2] Because compelling arbitration and staying litigation does not dispose of the case, the undersigned may appropriately decide the matter in accordance with 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(3). *See Broussard v. FinWise Bank, Inc.*, No. SA-21-CV-1238-OLG, 2022 WL 2057488, at *1 & n.2 (W.D. Tex. May 12, 2022) (Chestney, J.) (finding that even though the Fifth Circuit has not specifically decided whether motions to compel arbitration are dispositive for purposes of 28 U.S.C. § 636(b)(1) "the Circuit Courts that have addressed the question have concluded that motions to compel arbitration are not dispositive, so long as they do not result in dismissal of any claims and instead stay the litigation during the arbitral process"). It follows that the undersigned may likewise conduct the trial on the issue that is required by § 4.

3

It is so **ORDERED**.

**SIGNED** on December 5, 2024.

_____
Henry J. Bemporad
United States Magistrate Judge